# EXHIBIT 2

**TO MOTION FOR PRELIMINARY APPROVAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MATTHEW GROGAN, individually and on behalf of all others similarly-situated,<br><br>Plaintiff,<br><br>v.<br><br>AARON'S INC.,<br><br>Defendant. | CIVIL NO.: 1:18-CV-02821-JPB |

**ORDER PRELIMINARILY APPROVING
CLASS ACTION SETTLEMENT,
DIRECTING NOTICE OF PROPOSED CLASS SETTLEMENT AND
SCHEDULING A FINAL APPROVAL HEARING**

This matter having come before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion"), the Court having reviewed in detail and considered the Motion, the Class Action Settlement Agreement ("Settlement Agreement") between Plaintiffs Matthew Grogan, Chad Severson, LaTia Bryant, Serge Belozerov, and Defendant Aaron's, Inc. ("Aaron's") (together, the "Parties"), and all other papers that have been filed with the Court related to the Settlement Agreement, including all exhibits and attachments to the Motion and the Settlement Agreement,

1

IT IS HEREBY ORDERED AS FOLLOWS:

1.  The Court has jurisdiction over the subject matter of the litigation, the Parties, and all Settlement Class Members.

2.  Capitalized terms used in this Order that are not otherwise defined herein have the same meaning assigned to them as in the Settlement Agreement.

3.  The Court concludes that the Settlement is likely to be found fair, adequate, and reasonable.

4.  The Class Representatives and Class Counsel have adequately represented the class. The Court has observed that the Class Representatives and Class Counsel have vigorously and effectively represented the class through the filing of a motion for class certification.

5.  The Settlement was negotiated at arm's length and without collusion, and under the supervision of an experienced and well-respected mediator.

6.  The relief provided by the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class, when measured against, among other things, the costs, risks, and delay of trial and appeal. In particular, this case presents numerous risks on liability, including the Eleventh Circuit's recent opinion on the definition of an "automatic telephone dialing system" and class certification, in particular the manageability questions posed by a TCPA non-customer class.

7. The Settlement is non-reversionary and is proposed to be distributed on a pro rata basis, a method that is well-established as fair.

8. Plaintiffs' counsel intends to seek attorneys' fees as a percentage of the common fund, the preferred approach in this Circuit. The amount to be requested (33-1/3%) as well as the requested service awards do not raise any concerns precluding the directing of notice to the class. The Court will decide the entitlement to, and amount of, any fees or service awards at the appropriate time.

9. The parties state that there are no side agreements required to be identified under Rule 23(e)(3).

10. The Settlement gives equal pro rata shares to each valid claimant, an apportionment that treats Settlement Class Members equitably.

11. The Court concludes, for purposes of settlement only, that it will likely be able to certify the Settlement Class under Rules 23(a) and 23(b)(3).

12. The Settlement Class comprises subscribers and users of more than 297,000 telephone numbers and so is sufficiently numerous.

13. For settlement purposes only, resolution of this litigation would depend on common answers to common questions, including whether Aaron's used an automatic telephone dialing system or artificial voice, and whether Aaron's placed calls to telephone numbers using an automatic telephone dialing system without obtaining the recipients' prior consent for the call.

14. For settlement purposes only, Plaintiffs' claims are typical of the class because they arise out of the same factual circumstances and proceed under the same legal theories.

15. For settlement purposes only, Plaintiffs are adequate Class Representatives because there are no evident conflicts between them and the class, and they, particularly lead Class Representative Grogan, have evidenced a willingness to advocate vigorously for the class. Class Counsel are experienced attorneys who have been appointed class counsel in numerous TCPA class action cases and settlements.

16. For settlement purposes only, common issues in this litigation predominate over individual issues. The central elements of the Class's claims concern Aaron's calling practices.

17. For settlement purposes only, a class action is superior to many individual actions because the TCPA permits statutory damages in an amount not to exceed $1,500 per violation and does not permit an award of attorneys' fees in individual actions. Therefore, it is not economical for Settlement Class Members to pursue individual claims.

18. The Settlement Class is defined as:

All persons in the United States (1) who were the subscribers or customary users of a telephone number that was Called by Defendant; (2) with the Genesys Interactive Intelligence System and/or an artificial or prerecorded voice; (3) from June 8, 2014 through the date

4

the Court grants preliminary approval of the Settlement; (4) where that telephone number has been associated with a wrap-up code of "wrong party" at any time in Defendant's records.

19. Plaintiffs Matthew Grogan, Chad Severson, LaTia Bryant, and Serge Belozerov are preliminarily appointed as Class Representatives.

20. The Court preliminarily appoints the following counsel to serve as Class Counsel: Matthew Wilson of Meyer Wilson, Co., LPA, and Jonathan D. Selbin and Daniel M. Hutchinson of Lieff Cabraser Heimann & Bernstein, LLP.

21. The Court approves, in form and content, the Mail Notice, the Email Notice, and the Publication Notice attached to the Settlement Agreement as Exhibit C and finds that they meet the requirements of Fed. R. Civ. P. 23 and satisfy due process.

22. The Court finds that the Notice Plan as set forth in the Settlement Agreement meets the requirements of Fed. R. Civ. P. 23 and constitutes the best notice practicable under the circumstances, including direct individual notice by mail and email to Settlement Class Members where feasible and a nationwide publication website-based notice program, as well as establishing a Settlement Website at the web address of www.AaronsTCPASettlement.com, and satisfies fully the requirements the Federal Rules of Civil Procedure, the U.S. Constitution, and any other applicable law, such that the Settlement Agreement and Final Order and Judgment will be binding on all Settlement Class Members.

In addition, the Court finds that no notice other than that specifically identified in the Settlement Agreement is necessary in this action. The Parties, by agreement, may revise the Class Notice and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting

23. Angeion Group is hereby appointed Claims Administrator to supervise and administer the notice process, as well as to oversee the administration of the Settlement, as more fully set forth in the Settlement Agreement.

24. The Claims Administrator may proceed with the distribution of Class Notice as set forth in the Settlement Agreement.

25. Settlement Class Members who wish to receive the monetary benefit under the Settlement Agreement must complete and submit a valid Claim in accordance with the instructions provided in the Class Notice on or before September 8, 2020.

26. All Claims must be submitted either electronically, by U.S. Mail, or telephonically to the Settlement Administrator no later than September 8, 2020. Settlement Class Members who do not timely submit a Claim Form deemed to be valid in accordance with the Settlement Agreement shall not be entitled to receive any monetary benefit from the Settlement.

27. Any Person within the Settlement Class may request exclusion from the Settlement Class by expressly stating his/her request in a written exclusion request in the manner described in the Settlement Agreement. Such exclusion requests must be received by the Settlement Administrator at the address specified in the Class Notice in written form, by U.S. Mail, postmarked no later than August 10, 2020.

28. In order to exercise the right to be excluded, a Person within the Settlement Class must timely send a written request for exclusion to the Settlement Administrator providing the Class Member's (1) full name, address, and telephone number where he or she may be contacted; (2) the telephone number(s) on which he or she maintains he or she was called; and (3) a statement that he or she wishes to be excluded from the Settlement Class. Any request for exclusion must be personally signed by the person requesting exclusion.

29. Any person in the Settlement Class who elects to be excluded shall not: (i) be bound by any orders or the Final Order and Judgment; (ii) be entitled to relief under the Settlement Agreement; (iii) gain any rights by virtue of this Settlement Agreement; or (iv) be entitled to object to any aspect of this Settlement Agreement.

30. Class Counsel may file any motion seeking an award of attorneys' fees, costs and expenses, as well as an Incentive Award for the Class

Representatives, no later than July 20, 2020. Any Settlement Class Member who has not requested exclusion from the Settlement Class and who wishes to object to any aspect of the Settlement Agreement, including the amount of the attorneys' fees and expenses that Class Counsel intends to seek and the payment of any incentive awards, may do so, either personally or through an attorney, by filing a written objection, together with the supporting documentation set forth below in Paragraph 21 of this Order, with the Clerk of the Court, and served upon Class Counsel, Defendant's counsel, and the Settlement Administrator no later than August 10, 2020. Addresses for Class Counsel, Defendant's Counsel, the Settlement Administrator, and the Clerk of Court are as follows:

| Class Counsel | Matthew Wilson<br>Meyer Wilson, Co., LPA<br>1320 Dublin Road, Suite 100<br>Columbus, OH 43215<br><br>Jonathan D. Selbin<br>Daniel M. Hutchinson<br>Lieff Cabraser Heimann & Bernstein LLP<br>275 Battery St., 29th Fl.<br>San Francisco, CA 94111 |
|---|---|
| Defendant's Counsel | Dave M. Gettings<br>Troutman Sanders LLP<br>222 Central Park Avenue, Suite 2000<br>Virginia Beach, VA 23462 |
| Settlement Administrator | Angeion Group<br>1650 Arch Street, Suite 2210<br>Philadelphia, PA 19103 |
| Clerk of Court | Clerk of the Court<br>U.S. District Court,<br>Northern District of Georgia |

|  | 2211 United States Courthouse<br>75 Ted Turner Drive, SW<br>Atlanta, GA 30303-3309 |
|---|---|

Any Settlement Class Member who has not requested exclusion and who intends to object to this Agreement must state, in writing: (1) his or her full name; (2) his or her address; (3) the telephone number where he or she may be contacted; (4) the telephone number(s) that he or she maintains were called; (5) all grounds for the objection, with specificity and with factual and legal support for each stated ground; (6) the identity of any witnesses he or she may call to testify; (7) copies of any exhibits that he or she intends to introduce into evidence at the Final Approval Hearing; (8) a statement of the identity (including name, address, law firm, phone number and email) of any lawyer who will be representing the individual with respect to any objection; (9) a statement of whether he or she intends to appear at the Final Approval Hearing with or without counsel; and (10) a statement as to whether the objection applies only to the objector, a specific subset of the Settlement Class, or the entire Settlement Class.

31. A Settlement Class Member who has not requested exclusion from the Settlement Class and who has properly submitted a written objection in compliance with the Settlement Agreement, may appear at the Final Approval Hearing in person or through counsel. Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the

9

Settlement and/or Class Counsel's Fee and Expense Application and/or the request for an incentive award to the Class Representatives are required to indicate in their written objection their intention to appear at the Final Approval Hearing on their own behalf or through counsel. For any Settlement Class Member who files a timely written objection and who indicates his/her intention to appear at the Final Approval Hearing on their own behalf or through counsel, such Settlement Class Member must also include in his/her written objection the identity of any witnesses he/she may call to testify, and all exhibits he/she intends to introduce into evidence at the Final Approval Hearing, which shall be attached.

32. Any Settlement Class Member who timely objects to the Settlement in the manner provided herein may be required to provide testimony or produce documents under Federal Rules of Civil Procedure 30 and 34, by means of a deposition request and/or document request pursuant to Fed. R. Civ. P. 30, 31, 34, and 45.

33. All papers in support of the final approval of the proposed Settlement, and in response to any objections, shall be filed no later than fourteen (14) before the Final Approval Hearing.

34. A hearing (the "Final Approval Hearing") shall be held before the Court on a date convenient to the Court, but no earlier than September 14, 2020, in Courtroom 2306 of the U.S. District Court for the Northern District of Georgia, 75 Ted Turner Drive, Atlanta, Georgia

10

30303 (or at such other time or location as the Court may without further notice direct) for the following purposes:

      a.     to finally determine whether the applicable prerequisites for settlement class action treatment under Fed. R. Civ. P. 23 have been met;

      b.     to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;

      c.     to determine whether the judgment as provided under the Settlement Agreement should be entered, including a bar order prohibiting Settlement Class Members from pursuing claims released in the Settlement Agreement;

      d.     to consider the application for an award of attorneys' fees, costs and expenses of Class Counsel;

      e.     to consider the application for an incentive award to the Class Representatives;

      f.     to consider the distribution of the Settlement Fund under the terms of the Settlement Agreement; and

      g.     to rule upon such other matters as the Court may deem appropriate.

The Court may, for good cause, extend any of the scheduled dates or deadlines set forth in this Order without further notice to the members of the Settlement

Class. The Final Approval Hearing may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Settlement Class. At or following the Final Approval Hearing, the Court may enter a judgment approving the Settlement Agreement and a Final Approval Order in accordance with the Settlement Agreement that adjudicates the rights of all Settlement Class Members.

35. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

36. The Court adopts the following deadlines pursuant to the Settlement Agreement:

| | |
|---|---|
| **Class Notice Mailed By:** | June 10, 2020 |
| **Settlement Website Launched By:** | June 10, 2020 |
| **Fee and Expense Application** | July 20, 2020 |
| **Deadline for Objections/Exclusions** | August 10, 2020 |
| **Motion in Support of Final Approval:** | Two weeks before the final approval hearing |
| **Final Approval Hearing:** | TBD |
| **Claims Deadline:** | September 8, 2020 |

37. The Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of

12

common law or equity, or of any liability or wrongdoing, by Defendant, or the truth of any of the claims, and evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Agreement, this Order, and the Final Approval Order.

38. Pending the final determination of whether the Settlement should be approved, all discovery, pre-trial proceedings and briefing schedules in the Action are stayed, except such actions as may be necessary to implement the Settlement Agreement and this Order. If the Settlement is terminated or final approval does not for any reason occur, the stay will be immediately terminated.

39. If the Settlement is not finally approved by the Court for any reason, including pursuant to Section 14.01 of the Settlement Agreement, the Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of Defendant or the Settlement Class Representatives to assert any right or position that could have been asserted if the Settlement Agreement or Motion for Preliminary Approval had never been reached or proposed to the Court. In such an event, the Parties will return to the *status quo ante* in the Action pursuant to Section 14.02 of the Settlement Agreement. Findings related to the certification of the Settlement Class for settlement purposes, or any briefing or materials submitted

seeking certification of the Settlement Class, will not be considered in connection with any subsequent class certification decision.

40. Pending the final determination of whether the Settlement should be approved, any Class Representative and all Settlement Class Members are hereby enjoined from commencing, pursuing, maintaining, enforcing, or prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral, or other forum, against any of the Released Parties. Such injunction will remain in force until the Final Approval Order or until such time as the Parties notify the Court that the Settlement Agreement has been terminated. This injunction is necessary to protect and effectuate the Settlement Agreement, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the Settlement Agreement and to enter Judgment when appropriate and is ordered in aid of this Court's jurisdiction and to protect its judgments. Any Class Representative and all Settlement Class Members are hereby enjoined from filing any class action or attempting to amend an existing action to assert any claims which would be released pursuant to the Settlement Agreement. If the Settlement is

14

terminated or final approval does not for any reason occur, the injunction will be immediately terminated.

**SO ORDERED** this 1st day of May, 2020.

J. P. BOULEE
United States District Judge

15