UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EMILY PINON, GARY C. KLEIN, KIM BROWN, JOSHUA FRANKUM, DINEZ WEBSTER, and TODD BRYAN, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>    v.<br><br>MERCEDES-BENZ USA, LLC, and DAIMLER AG,<br><br>      Defendants. | CASE NO: 1:18-CV-03984-MHC |

## MEDIATOR'S DECLARATION OF RETIRED FEDERAL JUDGE JAMES F. HOLDERMAN

I, James F. Holderman, hereby declare:

    1.    I am a mediator and a retired federal judge. I am over 18 years old and competent to testify. I prepared this Declaration for filing with the consent of Counsel for both sides of the case. Unless otherwise indicated, I have personal knowledge of the facts set forth herein. Counsel for both sides jointly asked me to submit this Declaration to further explain the circumstances of the proposed class settlement in this case.

2. From May 1, 1985 until my retirement on June 1, 2015, I served as a United States District Court Judge of the Northern District of Illinois and served as Chief Judge of that District from July 1, 2006 through June 30, 2013.

3. On June 2, 2015, I began providing private dispute resolution services with JAMS, including mediating lawsuits.

4. I served as the mediator to settlement negotiations between Plaintiffs Emily Pinon, Gary C. Klein, Kim Brown, Joshua Frankum, Dinez Webster, and Todd Bryan ("Plaintiffs") and Defendants Daimler AG and Mercedes-Benz USA, LLC ("Defendants"). I understand that the Plaintiffs and Defendants first began discussing a potential resolution of this matter in September 2020. I further understand that, prior to my engagement, the Plaintiffs and Defendants made substantial progress in attempting to negotiate the terms of a potential settlement of this lawsuit, but they reached an impasse on terms.

5. In October 2020, the Parties agreed to engage me to mediate settlement discussions in this case. The mediated settlement negotiations between Plaintiffs and Defendants in this case began with pre-mediation discussions, continued with the submission and exchange of mediation statements by each side, and concluded with a full day mediation session via JAMS Zoom videoconference on November 9, 2020. The Parties had an additional mediation session via JAMS Zoom videoconference on November 12, 2020.

6. During and between those mediation sessions, Counsel for the Plaintiffs and Counsel for the Defendants discussed with me their relative views of the law, the facts, and the risks involved in continuing to litigate this matter. For the majority of the time during the mediation sessions, each side was in a separate virtual room. I mediated their discussions using the shuttle diplomacy method. Where I felt that traversing certain issues required the Plaintiffs and Defendants to directly communicate a particular position or concern, I held discrete joint sessions which I oversaw for the purpose of furthering the mediation.

7. I personally witnessed that each side and their Counsel conducted their mediated settlement negotiations in an adversarial, arm's-length, and non-collusive manner. I further note that both sides approached the settlement negotiations in good faith and worked accordingly while vigorously maintaining integrity to their positions.

8. After a spirited exchange of demands, offers, and counteroffers that were conveyed through me, during the November 9, 2020 mediation session, the Parties reached an agreement-in-principle on terms and conditions of a proposed class settlement.

9. On November 12, 2020, after the agreement-in-principle was reached on November 9, 2020 as to the terms and conditions of the proposed class settlement, each side's Counsel then mediated attorney fees, expenses, and class incentive

awards to reach an agreement on those issues. The issue of attorney fees, expenses, and class incentive awards had not been discussed prior to the Parties reaching an agreement-in-principle on the terms and conditions of the proposed class settlement.

10. I understand that the Parties now have reduced the major settlement terms to writing, including the terms and conditions of the settlement as reflected in the agreement-in-principle as to the proposed class settlement and the subsequent agreement as to attorney fees, expenses, and class incentive awards.

## **VERIFICATION**

Consistent with 28 U.S.C. § 1746, I declare and verify under penalty of perjury that the forgoing is true and correct.

Date: December 8, 2020.

*/s/ James F. Holderman*
_____
James F. Holderman - Mediator