**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

EMILY PINON, GARY C. KLEIN, )
KIM BROWN, JOSHUA FRANKUM, )
LACRESHA EARLEY, and TODD )
BRYAN on behalf of themselves and )
all others similarly situated, )
         ) CASE NO: 1:18-cv-03984-MHC
   Plaintiffs,   )
         )
v.          )
         )
DAIMLER AG and MERCEDES- )
BENZ USA, LLC    )
         )
         )
         )
   Defendants.   )

**DECLARATION OF WILLIAM LEWIS GARRISON, J.R. IN SUPPORT
OF MOTION FOR PRELIMINARY APPROVAL OF CLASS
SETTLEMENT AND DIRECTION OF CLASS NOTICE**

I, W. Lewis Garrison, Jr. hereby declare as follows:

1. I am a shareholder at Heninger Garrison Davis, LLC ("HGD"). I make this declaration in support of our Motion for Preliminary Approval of Class Settlement and Direction of Class Notice.  I have personal knowledge of the facts stated below and, if called upon, could and would competently testify thereto.

## **Background**

2.     Heninger Garrison Davis, LLC, with co-counsel Jackson & Tucker, P.C. ("Jackson Tucker"), represent the plaintiffs, who assert claims in this class action against Defendants stemming from alleged defects in the manufacture, process, materials, and workmanship of Mercedes vehicles with "Mars Red" exterior paint, and particularly allegations regarding misleading marketing, advertising, warranting, selling, and servicing of the relevant class vehicles.

3.     Heninger Garrison Davis, LLC was formed over thirteen years ago and has been growing in case load, staff numbers, and attorney numbers ever since.  With twenty-five seasoned attorneys and almost fifty staff members across several offices, including Birmingham, Alabama, Atlanta, Georgia, and New York, New York, Heninger Garrison Davis, LLC has the experience, resources, and expertise to successfully prosecute complex consumer actions.

4.     I was admitted to practice before courts in 1983. I am admitted to practice before the United States District Courts for the Middle, Southern, and Northern Districts of Alabama, the United States District Courts for the Northern and Middle Districts of Georgia, the United States Court of Appeals for the Third, Fourth, Fifth, Ninth, Tenth and Eleventh Circuits, and the United States Supreme Court.

5.     Our firm has substantial experience in class action litigation involving complex businesses, products, and services.  We have developed an expertise in consumer protection and product liability cases and the state and federal laws governing the salient issues in these litigations.   A profile of our firm's experience in complex class actions, and specifically in consumer protection and products liability cases, is attached as Exhibit A.  That exhibit also provides a background on myself, James F. McDonough, III, and Taylor C. Bartlett.

## Pre-Suit Investigation

6.     Beginning in the summer of 2018, HGD and its co-counsel, Jackson Tucker began receiving communications from owners of Defendants' vehicles complaining of issues related to the Mars Red paint peeling, bubbling, and growing cloudy in appearance.

7.     We diligently investigated and researched the Mercedes Mars Red paint defect and Mercedes' response to it through information provided by the National Highway Traffic Safety Administration ("NHTSA"). We reviewed and researched consumer complaints and discussions of the Mars Red paint defect in articles and forums online, in addition to various Mercedes manuals and Technical Service Bulletins discussing the defect.

8.     We conducted detailed interviews with putative class members regarding their pre-purchase research, their purchasing decisions, and their repair histories, ultimately interviewing and talking with hundreds of prospective class members.

9.     After digesting all of the information garnered, we conducted research into the various causes of action and analyzed similar automotive actions, developed a plan for litigation based on class members' reported experiences with their vehicles.

10.    We consulted with and retained leading experts in engineering and chemistry who inspected vehicles, investigated the alleged defect, and identified the alleged defect in the vehicles painted with Mars Red. We also engaged damages expert to assess individual and Class-wide damages

11.    HGD and Jackson Tucker's efforts are reflected the length and detail of the original and amended complaints in this action. In addition to the Plaintiffs identified in the operative complaint, we were in the process of filing a second class action case against Defendants, including plaintiffs from many additional states from those where the Plaintiffs were harmed in *Pinon,* related to the Mars Red issue and had given notice to Defendants that such second lawsuit was coming.

### *Pinon* **Action and Discovery**

12.    On August 21, 2018, Plaintiff Emily Pinon initiated the present action on behalf of a Nationwide class and an Alabama subclass.

13.    At the time we filed this case, we were unaware of the earlier filed *Ponzio* Action.  *See Robert Ponzio, et al. v. Mercedes-Benz USA LLC, et al.*, 1:18-cv-12544-JHR (D. N.J.), Dkt. 1.  We did not view or see the *Ponzio* Action complaint before filing the original complaint in this action.  Shortly after becoming aware of the action, we reached out to counsel for plaintiffs in the *Ponzio* Action to discuss the case and explore coordinate the actions, including for discovery and Rule 26 purposes.

14.    On October 24, 2018, an amended complaint was filed in this case to include Plaintiff Gary C. Klein and adding a Florida subclass.

15.    On January 31, 2019, Plaintiffs filed a second amended complaint to include Plaintiff Kim Brown (Arkansas), Plaintiff Joshua Frankum (Tennessee), Plaintiff Nancy Pearsall (Tennessee), Plaintiff Lacresha Early (Louisiana), and Plaintiff Todd Bryan (North Carolina), and adding subclasses for Arkansas, Tennessee, Louisiana, and North Carolina.

16.    On June 22, 2020, Plaintiffs filed a third amended complaint substituting Plaintiff Dinez Webster (Louisiana), who dropped her claim without prejudice, for Plaintiff Early (Louisiana).

17.    Accordingly, the current *Pinon* Plaintiffs and proposed Class Representatives are Emily Pinon, Gary C. Klein, Kim Brown, Joshua Frankum, Dinez Webster, and Todd Bryan.

18.    The *Pinon* has been intensively litigated from its inception, and it has far outpaced the *Ponzio* litigation in both timing and substance.

19.    Defendants fought vigorously to dismiss *Pinon* but the *Pinon* Plaintiffs ultimately prevailed on most of the causes of actions asserted in the complaint.

20.    Since prevailing, HGD and Jackson Tucker as counsel for the *Pinon* Plaintiffs have conducted extensive discovery.

21.    We negotiated and spent substantial time working out an electronic discovery protocol that incorporated specific search terms to effectively produce responsive and relevant documents.

22.    HGD and Jackson Tucker as counsel for the *Pinon* Plaintiffs have served three sets of requests for production and three sets of interrogatories to each Defendant.  In total, we served 95 requests for production and 28 interrogatories on each Defendant.  Defendants responded to each of the first two sets of discovery

request and produced over 56,000 pages of documents, as well as extensive warranty, sales and repair data compiled from their databases.

23.     HGD and Jackson Tucker as counsel for the *Pinon* Plaintiffs met and conferred with Defendants several times on their responses, and we continued to demand documents and information up until the time the settlement-in-principle was reached. The third set of discovery focused on confirming certain representations made in settlement negotiations is pending and answers are expected shortly.

24.     We have engaged an electronic discovery vendor to assist with the technical aspects of the production and have since reviewed each page of the produced documents coding them for issues.

25.     Defendants issued substantial discovery to each *Pinon* Plaintiff, including 12 requests for admission, 22 interrogatories, and 43 requests for production to each Plaintiff.  Plaintiffs then responded to each discovery request and produced hundreds of pages of documents.

26.     Since Defendants began producing documents in this case, we have had several meet and confers with Defendants to deal with discovery issues, vehicle inspection protocols, depositions, electronic search terms and databases, and responses and objections to discovery served in this Action. We resolved those after substantial time and effort.  As a condition precedent to settlement, we also requested

and received from the Defendants an affidavit confirming the completeness and accuracy of the warranty, sales and repair data produced by them related to the Alleged 590 Mars Red Paint Defect, which pertained to the over 72,500 Subject Vehicles were sold and/or leased in the United States and likely over one hundred thousand current and former owners and lessees of Subject Vehicles in the proposed Class, including the total universe of Subject Vehicles sold or leased, the costs of repair under warranty related to the alleged 590 Mars Red paint defect, dates of repair, and claims covered by goodwill, among other information.

27.    In the midst of this discovery, HGD and Jackson Tucker as counsel for the *Pinon* Plaintiffs researched potential experts and ultimately interviewed five experts.  Two of these experts were automobile manufacturing process experts and three of these experts were chemical specialists with specific expertise in automobile coatings.  We ultimately retained two experts, one of which spent substantial time preparing for and attending *Pinon* Plaintiff vehicle inspections.

28.    HGD and Jackson Tucker as counsel for the *Pinon* Plaintiffs also issued six subpoena *duces tecums* to various related third-parties, including a major German supplier of the 590 Mars Red paint.   We met and conferred with four of these third-parties ultimately resolving their discovery disputes and receiving additional documents from them.  Notably, we secured service of a subpoena *duces tecum* on

the German supplier of the 590 Mars Red paint, which was critical in obtaining documents related to the 590 Mars Red paint.

29.    We also negotiated two vehicle inspection protocols, one for non-destructive testing and one for destructive testing.  The Parties then scheduled vehicle inspections for each Plaintiff's vehicle in numerous states.  Prior to reaching the Proposed Settlement, two of the *Pinon* Plaintiffs' vehicles were inspected and results of the non-destructive and destructive testing were shared amongst the Parties.  At each inspection, one of the *Pinon* Plaintiffs' experts attended and contributed to the inspection ultimately provided the *Pinon* Plaintiffs with a report and evidence.

## Settlement Efforts

30.    The Parties first broached the topic of settlement in February of 2020, but the Parties made little headway in settlement of the claims until recently.

31.    In September of this year, settlement negotiations between the Parties began in earnest with intensive exchanges of information and the Parties proposing settlement frameworks, but falling short of reaching a final agreement.

32.    The Parties conducted a mediation with former U.S. District Judge James F. Holderman (Ret.) on November 9th through November 12th, where the Parties reached an agreement-in-principle on the terms and conditions of the

9

settlement and of attorney fees, expenses, and class representative incentives, respectively.

33.   The Parties only mediated and negotiated issues regarding attorneys' fees, costs and expenses, and Class Representative service awards after reaching an agreement-in-principle as to the terms and conditions of the settlement for Class Members.

34.   The Parties finalized a written Term Sheet on November 19, 2020.

35.   In my experience, this is an outstanding result for the Class.   The Settlement achieved here provides meaningful relief to the Class that is specifically targeted to address the issues with the Alleged 590 Mars Red Paint Defect.   The relief achieved here is exceptional in that it extends the warranty on paint, on a sliding scale, out to 15 years or 150,000 miles, whichever comes first.   The result achieved here puts this Settlement in the upper range of possible recoveries in the Litigation, which goes to show what a great deal this is for the Class.   Our review of this information, along with our other discovery and investigations over the past couple years, causes us to conclude that that the Symptoms Alleged are experienced consistently by Class Members, and the remedy provided by the Settlement directly addresses those issues.

36.     We will continue to fulfill our duties to the Class in order to see this Settlement through and get the needed and meaningful relief to Class Members.

37.     For purposes of effectuating this proposed Settlement in this action and in this District, Plaintiffs are informed that the Defendants will be filing a motion to stay *Ponzio* action.

38.     The Proposed Settlement in this case will resolve the claims of all Class Members in the United States.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: <u>December 21, 2020</u>

Respectfully submitted,

<u>*/s/ W. Lewis Garrison, Jr.*</u>
W. Lewis Garrison, Jr.
Heninger Garrison Davis, LLC
2224 First Avenue North
Birmingham, AL 35203

## <u>LOCAL RULE 7.1(D) COMPLIANCE CERTIFICATE</u>

Pursuant to L.R. 7.1(D), this certifies that the foregoing document complies with the font and point selections approved by L.R. 5.1(C). The foregoing document was prepared using Times New Roman font in 14 point.

Dated: <u>December 21, 2020</u>

*/s/ W. Lewis Garrison, Jr.*
W. Lewis Garrison, Jr.
Heninger Garrison Davis, LLC
2224 First Avenue North
Birmingham, AL 35203

# EXHIBIT A

**TO GARRISON DECLARATION**



**<u>FIRM RESUME</u>**

## <u>HENINGER GARRISON DAVIS FIRM PROFILE</u>

Heninger Garrison Davis LLC ("HGD") is headquartered in Birmingham with offices in Atlanta and New York, and focuses on Class Actions, Mass Torts, Business Litigation, and Intellectual Property.  The firm was formed in 2006 with 5 partners as the result of a merger of three firms with over a century of combined experience. It has earned the finest rating (A.V.) on the Martindale-Hubbell Law Directory and is listed in the Bar Register of Preeminent Lawyers. Since its beginnings, the firm has grown to 25 lawyers in 4 cities. Today, there are 13 partners. The firm's mass tort and class action group is comprised of 19 lawyers. The firm has close to 50 staff to support HGD's attorneys.  The firm is dedicated to representing plaintiffs in complex class action, mass tort, intellectual property, and single event cases.

Over the years, Heninger Garrison Davis has had a significant and extensive class action practice.  It has been lead or co-lead class counsel in state and federal class actions all over the country.  Additionally, it has received appointments to serve in various other leadership roles from many federal judges overseeing MDLs.  The record will reflect that HGD worked hard and achieved successful results in each case, and HGD has the necessary resources to commit to this task before this Court, including devoting as many lawyer resources and financial resources as is necessary to vigorously prosecute this case.  One of the core values of HGD is "Lead by Serving," and the firm truly take that to heart.

Throughout the last decade, the firm has obtained settlements of hundreds of millions of dollars on behalf of more than thousands of clients. Today, it represents over 5,000 individuals in over 50 litigation projects, including class actions, MDLs, mass tort actions, intellectual property actions.  Following the individual attorney profiles of Dr. François M. Blaudeau and James F. McDonough, III appearing immediately below, a complete listing of Heninger Garrison Davis' class action and MDL experience appears.

In this case, Mr. Garrison, Mr. McDonough, and Mr. Bartlett are seeking to be appointed as interim class counsel.  Each of their CVs are exhibited hereto.   Mr. Garrison, Mr. McDonough, and Mr. Bartlett are committed and able to devote the necessary time and resources to represent the various interests in this litigation and look forward to the continuing to work with Your Honor.  That said, no individual leadership member can do it alone—it takes a massive effort by attorneys and staff to

achieve a satisfactory result in these types of cases.  HGD has a dedicated group of attorneys and staff who will do what it takes to represent the plaintiffs in this litigation. In this important case, as in others, there will be millions of documents to review, briefs to write, law to research, and the like.  HGD has many talented attorneys and staff members ready to assume roles in accomplishing these tasks.

## ATTORNEY PROFILE

### W. Lewis Garrison, Jr.

Lew Garrison one of the firm's founders and head of the Class Actions and Mass Tort group at HGD.  Mr. Garrison has been practicing law for more than 31 years. He has been fortunate to have been involved in significant and landmark litigation throughout the country.   As Mr. Garrison's resume demonstrates, he has been involved in a variety of litigation in state and federal courts.  His complex litigation experience falls into two broad categories: (1) class actions; and (2) mass tort and product cases.

Over the years, Mr. Garrison has had a significant and extensive class action practice. He has been lead or co-lead class counsel in state and federal class actions all over the country.  Throughout the last decade, Mr. Garrison and HGD have obtained settlements of hundreds of millions of dollars on behalf of thousands of clients. Additionally, during his career he has received appointments to serve in various other leadership roles from many federal judges overseeing MDLs.  The record will reflect that Mr. Garrison and HGD worked hard and achieved successful results in each case, and HGD has the necessary resources to commit to this task before this Court.

Professional Ratings

*Martindale-Hubbell Law Directory:* AV rated
*2009-Present: Alabama Super Lawyers* — Class Actions and Mass Torts

Bar Admissions

Alabama - 1983. Georgia - 1984. United States District Courts for the Middle, Southern, and Northern Districts of Alabama. United States District Courts for the Northern and Middle Districts of Georgia. United States Court of Appeals, Third, Fourth, Fifth, and Eleventh Circuits. United States Supreme Court.

Professional Societies

American Bar Association; American Association for Justice; Birmingham Bar Association

## James F. McDonough, III

James F. McDonough, III, is a partner at Heninger Garrison Davis, LLC.  He joined the firm in June of 2013 after running a private practice representing plaintiffs in multi-party, complex technology-oriented litigation. James has served as lead counsel representing plaintiffs in approaching a hundred of cases, and has been involved in a wide range of litigation, including mass tort, class action, and intellectual property litigation. He has served in a number of different roles in litigation leadership groups and committees. James has led all aspect of dispositive motions, trial preparation, fact and expert discovery, including first chair role in arguing all motions related to the same.  He has most recently been appointed to the PSC in *In Re: CenturyLink Sales Practices and Securities Litigation* and as settlement class counsel in *Bittner v. Browning Arms Co.*, identified below.

James has also served as lead settlement counsel in approximately one hundred litigations that ended in favorable settlements to his clients, which have ranged from individual plaintiffs to groups of plaintiffs to publicly traded corporations. Most recently, James worked to obtain a favorable $11.2M settlement in the In re Ashley Madison Data Security Breach Litigation, MDL No. 2669.  James attended Emory School of Law, where he participated in a joint collaborative program between Emory and the Georgia Institute of Technology focusing on technology commercialization and was Managing Editor of the Emory Law Review. While in law school, he received several national writing awards including the Burton Award for Legal Achievement (presented in Library of Congress, Washington, DC), the Judge John R. Brown Award for Excellence in Legal Writing, and the Mary Chi Davis Scholarship for Writing Excellence.

Bar Admissions

Georgia, 2007; Georgia Supreme Court; Northern District of Georgia, 2008; Southern District of Georgia, 2020; Eastern District of Texas, 2010; U.S. Court of Appeals For The Federal Circuit, 2013; US. Court of Appeals for the Eleventh Circuit, 2016; District of Colorado, 2014; Western District of Texas, 2020, United States Supreme Court, 2020.

Professional Societies

Georgia State Bar; Atlanta Lawyer Magazine; Georgia Trial Lawyers Association; ABA Technology Law Section, ABA Intellectual Property Law Section; *Advisory Board Member*, Technology Innovation: Generating Economic Results (TI:GER); *Leadership Board Member*, Georgia Bio Emerging Leaders Network.

## Taylor C. Bartlett

Taylor Bartlett is a partner in the Class Action and Mass Tort group at HGD. Mr. Bartlett began practicing law over nine years ago and since 2011, has practiced complex civil litigation. Mr. Bartlett spends approximately half of his time litigating complex consumer class actions. Most recently, he and HGD represented consumer classes in the Nissan CVT class action litigation settled in the Middle District of Tennessee. In addition to litigating on behalf consumers in class actions, Mr. Bartlett represents thousands of current and former servicemembers in personal injury claims for hearing related problems brought against the 3M Company.

Bar Admissions

Georgia, 2007; Georgia Supreme Court; Northern District of Georgia, 2008; Eastern District of Texas, 2010; U.S. Court of Appeals For The Federal Circuit, 2013; US. Court of Appeals for the Eleventh Circuit, 2016; District of Colorado, 2014;

Professional Societies

Georgia State Bar; Atlanta Lawyer Magazine; Georgia Trial Lawyers Association; ABA Technology Law Section, ABA Intellectual Property Law Section; *Advisory Board Member*, Technology Innovation: Generating Economic Results (TI:GER); *Leadership Board Member*, Georgia Bio Emerging Leaders Network.

## NOTABLE HGD CLASS ACTION AND MDL CASES

## Class Action and Mass Tort Experience

*In re Nissan CVT Litigation:*[1] Class counsel and settlement counsel for owners of certain Nissan vehicles equipped with defective Continuously Variable Transmission that caused slipping, shuddering, and other issues with the vehicle transmission systems.

*Volkswagen Diesel Fraud Litigation.* Represented approximately 4000 individual owners and lessees of Volkswagen and Audi vehicles. The firm filed case in the City of St. Louis, the State Court of DeKalb County, Georgia, the Northern District of Alabama, and the Northern District of Georgia; HGD later filed thousands of cases in Fairfax County, VA, which were consolidated with other cases in *In re: Volkswagen "Clean Diesel" Litigation*, Fairfax County, VA, CCN No. CL-2016-9917. Part of leadership team litigating these cases to trial and selected for trial team for plaintiffs picks in first batch of trials in the country concerning VW's fraudulent use of defeat devices in their "CleanDiesel" vehicles (settled before trial).

*In Re: 3M Combat Arms Earplug Products Liability Litigation,* MDL No. 2885. Appointed to various subcommittee positions in the MDL leadership by Judge M. Casey Rodgers (U.S. Dist. Court for the Northern District of Florida) in a product liability case accusing 3M of causing hearing loss and other issues caused by defective ear plugs issued to military servicepersons.

*In Re: CenturyLink Sales Practices and Securities Litigation,* MDL No. 2795. Appointed to Plaintiff Steering Committee by Judge Michael Davis (U.S. Dist. Court for the District of Minnesota) in a consumer fraud and deceptive practices action alleging overbilling of consumers by utility company related to telephone, internet, and television services;

*In re Ashley Madison Data Breach Litigation*, MDL No. 2669. Appointed to be Co-Lead Counsel by Judge John A. Ross (U.S. Dist. Court for the Eastern District of Missouri) in a combined data breach and consumer fraud case alleging inadequate security systems and fraudulent use of bots to communicate with website customers.

*In re Daily Fantasy Sports Litigation*, MDL No. 2677. Appointed as Member of Plaintiffs' Steering Committee by Hon. George A. O'Toole (U.S. Dist. Court for the District of Massachusetts) in consumer fraud case involving the promotion and

---

[1] These actions are: (1) *Falk v. Nissan North America*, Inc., No. 4:17-cv-04871 (N.D. Cal.); (2) *Pamela Pritchett, et al. v. Nissan North America, Inc.,* No. 2:17-cv-00736 (M.D. Ala); (3) *Knotts v. Nissan North America, Inc.*, No. 17-cv-05049 (D. Minn.); and (4) *Norman v. Nissan North America, Inc. and Nissan Motor Co., Ltd.*, No. 3:18-cv-00588 (M.D. Tenn.)

engaging in illegal gambling by online daily fantasy sports companies, including DraftKings and FanDuel.

*In re Apple iPhone 3G Products Liability Litigation*, MDL No. 2045. Appointed to Member of Plaintiffs' Steering Committee by Hon. James Ware (U.S. Dist. Court for the Northern District of California) in consumer fraud case alleging defects with Apple's iPhone 3g.

*In re Bayer Corp. Combination Aspirin Products Marketing and Sales Practices Litigation*, MDL No. 2023. Appointed to Plaintiffs' Steering Committee by Hon. Brian M. Cogan (U.S. Dist. Court for the Eastern District of New York) in consumer fraud case alleging illegal marketing of women's aspirin products manufactured by Bayer.

*In re Bullitt County Train Derailment Litigation*, Case No. 3:07 CV-24-R, Plaintiffs' Class Counsel. Represented thousands of members of plaintiffs' class in a settlement which was approved by Hon. Thomas Russell, U.S. District Court for the Western District of Kentucky.

*In re VTran Media Technologies, LLC, Patent Litigation*, MDL No. 1948. Represent patent holder in consolidated federal actions in claims against cable television companies throughout the United States. Appointed MDL co-liaison counsel by Honorable Bruce Kaufman, U.S. District Judge, Eastern District of Pennsylvania.

*In re MasterCard International, Inc. Internet Gambling Litigation, and Visa International Service Association Internet Gambling Litigation,* MDL Nos. 1321 and 1322. Member, Plaintiffs Steering Committee.

*In re American General Life and Accident Ins. Litigation*, MDL No. 1429 (racially discriminatory insurance pricing). Member, Plaintiffs' Executive Committee. Obtained settlements for 1500-plus clients in states of Alabama, Georgia, Mississippi, Florida, and Tennessee.

*In re Unitrin* (same as *In re American General*, above), obtained settlements for 600-plus clients in states of Alabama, Georgia, Mississippi, Florida, and Tennessee.

*In re Life of Georgia Industrial Ins. Litigation*, MDL No. 1390. Obtained settlements for over 600 clients who were charged racially-discriminatory insurance premiums.

*In re Prudential Sales Practices Litigation* (fraudulent or deceptive sales of

insurance products), obtained settlements for 300-plus clients in Alabama and Georgia.

*In re Chemtura Corporation, et al,* Reorganized Debtors, in United States Bankruptcy Court Southern District of New York, Chapter 11, Case No. 09-11233 (REG). Class Counsel for thousands of individuals impacted by catastrophic fire in Conyers, GA. Settlement approved by Bankruptcy Court.

*In re Black Farmers Discrimination Litigation*, United States District Court for the District of Columbia, Case No. 08-mc-0511 (PLF). Class Counsel in a nationwide plaintiff class of individuals considered to be "late filers" from *Pigford v. Glickman,* Case No. 97-1978 (D.D.C.)

*Poletti, et al. v. Syngenta Corp., et al., No. 3:15-cv-1221-DRH; Brase Farms, Inc., et al. v. Syngenta Corp., et al.*, No. 3:15-cv-1374-DRH; *Wiemers Farms, Inc., et al. v. Syngenta Corp., et al.,* No. 3: 15-cv-01379-DRH pending in U.S.D.C. for the Southern District of Illinois. Plaintiffs' co-counsel responsible for strategy and motions practice in these mass action suits for over three thousand farmers.

*Turner v. Allstate Insurance Company*, NDAL 2:13-cv-00685. Plaintiffs' co-counsel responsible for strategy and motions practice, including defending against dispositive motions, in this ERISA class action for thousands of retirees pending in the U.S.D.C. for the Middle District of Alabama. Recently won preliminary injunctive relief for class representatives for the retirement benefit at issue.

*Thurman v. Judicial Correctional Services, Inc.,* No. 2:12-CV-00724. Plaintiffs' co-lead counsel responsible for strategy and motions practice, including defending against dispositive motions, in this class action for misdemeanor probationers pending in the U.S.D.C. for the Middle District of Alabama. The suit seeks recovery of probation fees paid by the class to the Defendant.

*Strickland v. MERSCORP, Inc., et al.*, No. 2:14-cv-01040-TFM (M.D. Ala); *Robertson v. MERSCORP, Inc., et al.,* No. 69-CV-14-900058.00 (Cir. Ct. of Barbour Co., Ala.). Plaintiffs' co-lead counsel in these class actions pending in state and federal court on suits for recording fees and to reform mortgage recordings.

*Bobby Taylor Enterprises v. Argos Ready Mix, LLC*, Circuit Court of Barbour County, Alabama 69-CV-2015-900012. Represent plaintiffs in consumer class action alleging breach of contract, breach of the duty of good faith and fair dealing, and violations of deceptive trade practices acts.

*Vision Construction Ent, Inc. v. Argos Ready Mix, LLC*, NDLA 3:15-cv-534. Represent plaintiffs in consumer class action alleging breach of contract, breach of the duty of good faith and fair dealing, and violations of deceptive trade practices acts.

*Valente v. International Follies, Inc. d/b/a The Cheetah et. al.*, NDGA 15-cv-02477. Represent opt-in class in Fair Labor Standards Act case seeking overtime and back pay for individuals who were not paid according to the law.

*In & Out Welders Inc. v. H&E Equipment Services Inc.*, NDAL 15-cv-01746. Represent plaintiffs in this consumer class action alleging breach of contract, breach of the duty of good faith and fair dealing, and violations of deceptive trade practices acts.

*Spotswood v. Hertz Corporation*, DNJ 15-cv-03518. Represent plaintiffs in this consumer class action alleging breach of contract, breach of the duty of good faith and fair dealing, and violations of deceptive trade practices acts.

*Lewis Hill v. LaFarge North America, Inc.*, Circuit Court of Barbour County, Alabama 69- CV-2015-900014. Represent plaintiffs in consumer class action alleging breach of contract, breach of the duty of good faith and fair dealing, and violations of deceptive trade practices acts.

*Weeks v. Wyeth, et al., No. 1:10-CV-602 (M.D. Ala.),* and related suits. Plaintiffs' co-lead counsel in suits against brand-name drug maker for injuries sustained from ingestion of generic version of the brand drug. Won first-ever state supreme court decision in favor of patients bringing that claim, as reported by The New York Times, Jan. 2013 (B3, "Man Taking Generic Drug Can Sue Branded Maker"), and the Product Safety & Liability Reporter, 42 PSLR 918 (Aug. 25, 2014)

*All-South Subcontractors, Inc. v. Sunbelt Rentals, Inc.*, Superior Court of Dougherty County, Georgia 14-cv-1376-1. Represent plaintiffs in consumer class action alleging breach of contract, breach of the duty of good faith and fair dealing, and violations of deceptive trade practices acts.

*S&S Construction LLC. v. United Rentals (North America), Inc.*, MDAL 15-cv-00712. Represent plaintiffs in consumer class action alleging breach of contract, breach of the duty of good faith and fair dealing, and violations of deceptive trade practices acts.

*Gauthier, et al. v. Hagberg, et al.*, No. 1781-CV-01791 (Mass. Sup. Ct., Middlesex). Lead counsel for derivative action for owners of a timeshare resort against the owners (and related businesses) for fraud, breach of contract, breach of fiduciary duties.

*Bittner v. Browning Arms Co.*, No. 3:17-cv-143-MPM-JMV (N.D. Miss.). Lead counsel for class action against gun manufacturer for sales of defective gun stocks.

## Other Mass Tort / Product / MDL Experience

*In re Vioxx Marketing, Sales Practices and Products Liability Litigation*, MDL No. 1657. Represented people from around the country who suffered heart attacks and strokes due to ingestion of Vioxx. Lead Trial Counsel in one of the few Vioxx cases tried to a jury verdict, in *Gary Albright v. Merck & Co.*, Circuit Court of Jefferson County, Alabama, December 2006. Member of Discovery and Science Committees in the MDL No. 1657. Received MDL Common Benefit Fee awarded by Hon. Eldon Fallon.

*In re Xarelto Products Liability Litigation*, MDL No. 2592. Discovery Committee Co-Chair of the Sales Representative sub-committee. Presently representing clients around the country who took the drug Xarelto and suffered injuries.

*In re Actos Litigation, Case No. 2011 L 010011,* Circuit Court of Cook County. Member of Plaintiff's leadership group in a pharmaceutical mass tort case alleging bladder cancer as a result of Actos (Pioglitazone) ingestion.

*In re Zyprexa Litigation*, MDL No. 1596. Represented and settled the claims of more than 1,500 people from all over US who contracted diabetes mellitus after ingesting anti- psychotic medication Zyprexa. Appointed to Plaintiffs' Steering Committee, which was responsible for developing entire liability and damages case against Eli Lilly, by Honorable Jack Weinstein, United States District Judge, Eastern District of New York.

*In re Seroquel Litigation,* MDL No. 1769. One of three firms retained by State of Alabama to investigate and pursue claims of the state for Medicaid fraud arising out of promotion of Seroquel. Represented more than 3,000 people from across United States who filed lawsuits against AstraZeneca for diabetes and similar injuries

caused by ingestion of Seroquel.

*In re Diet Drug Litigation*, MDL No. 1203 (pharmaceutical product liability). Filed suit and settled more than 500 cases in initial opt-out phase of Diet Drug Litigation. Filed suit and settled more than 1,700 cases in downstream opt-out phase of Diet Drug Litigation. Also filed and settled several cases relating to Primary Pulmonary Hypertension (PPH).

*In re Kugel Mesh Hernia Patch Litigation*, MDL No. 1842. Represent hundreds of individuals from across the country who sustained injuries due to defective implantation of Kugel Hernia Mesh. Appointed to Plaintiffs' Steering Committee by Honorable Mary Lisi, United States District Judge, District of Rhode Island.

*In re Levaquin Products Liability Litigation*, MDL No. 1943. Member, Plaintiffs' Steering Committee. Represented hundreds of people throughout the country who sustained injuries as a result of ingestion of antibiotic drug Levaquin. Appointed to MDL Plaintiffs' Steering Committee by Honorable John R. Tunheim, United States District Judge, District of Minnesota.

*In re Sulzer Hip Prosthesis and Knee Prosthesis Product Liability Litigation*, MDL No. 1401. Represented and settled claims of clients who were injured by defective hip implants manufactured by Sulzer.

*In re Ortho Evra Litigation*, MDL No. 1742. Represented and settled claims of women from across United States who were injured by defective birth control patches manufactured by Ortho Evra.

*In re Bextra and Celebrex Marketing, Sales Practices and Products*, MDL No. 1699. Represented and settled claims of people throughout the United States who suffered heart attacks and strokes after ingestion of Bextra or Celebrex.

*In re Guidant Corp. Litigation*, MDL No. 1708. Represented and settled hundreds of claims by people throughout the United States who were injured by defective implantable cardiac defibrillators manufactured by Guidant.

*In re Medtronic, Inc. Implantable Defibrillators Products Liability Litigation*, MDL No. 1726. Represented and settled hundreds of claims by people throughout the United States who were injured by defective implantable cardiac defibrillators manufactured by Medtronic.

*In re Baycol Multidistrict Litigation*, MDL No. 1431 (pharmaceutical product liability), Litigated and settled claims of people who suffered rhabdomyolysis after ingestion of cholesterol drug Baycol.  Also appointed to Discovery Committee in MDL 1431.

*Neurontin Sales Practices and Product Liability Litigation*, MDL No. 1629 (pharmaceutical product liability). Represent individuals injured as a consequence of off-label promotion and prescription of the drug.

*Monsanto PCB Litigation*. Represented over 1500 people who were injured by PCB exposure in and around Anniston, Alabama. All cases consolidated in Jefferson County, Alabama Circuit Court.

*Brase Farms, Inc., et. al., v. Syngenta AG, et. al.*, SDIL 3:15-cv-01374. Represent plaintiffs in mass action litigation which involves genetically modified corn and the damages suffered by corn farmers and others in the corn business. He assists in developing strategy, gathering clients, and conducting discovery.

## **Other Class Action Settlements (either lead or co-lead counsel for plaintiffs)**

*J. C. Holt and Milton Alexander v. Life Insurance Company of Alabama, et al*, Circuit Court of Franklin County, Alabama, Case No. CV-2009-122; *Gabriel Johnson v. Apple, Inc.,* United States District Court for the Southern District of California, Case No. 1-09-CV- 146501 (national class); *Lonnie & Dawn Glover v. Standard Federal Bank*, United States District Court for the District of Minnesota, Case No. 97-2068; *Hope v. STM Mortgage Co.*, Circuit Court of Jefferson County, Alabama, Case Number CV94-03194 (national class);

*Thomason v. Litton Mortgage Servicing Center*, Circuit Court of Jefferson County, Alabama, Case Number CV94-02756 (national class); *Gray v. Columbia National, Inc.*, Circuit Court of Jefferson County, Alabama, Case Number CV94-06668 (national class); *Bell v. The Prudential Home Mortgage Co., Inc.*, Circuit Court of Montgomery County, Alabama, Case Number CV94-2717G (national class - settlement); *Huggins v. Compass Bank*, Circuit Court of Shelby County, Alabama, Case Number CV95-520 (national class - settlement); *Trotman v. Market Street Mortgage Co.*, Circuit Court of Montgomery County, Alabama, Case Number CV94-2716.80 (national class - settlement); *Williams v. First NH Mortgage Corp.*, Circuit Court of Jefferson County, Alabama, Case Number CV94-5993 (national

class - settlement); *Dillon Equities d/b/a H.L. Franklin's Place v. Jefferson County, Alabama*, Circuit Court of Jefferson County, Alabama; *Wanda Chandler v. Molton, Allen & Williams Corp.*, Circuit Court of Jefferson County, Alabama, Case Number CV97-1989 (national class - settlement); *Popular Package Stores v. City of Montgomery*, Circuit Court of Montgomery County, Alabama, Case Number CV92-52; *Mabson v. GMAC and MIC Life Ins. Co.*, Circuit Court of Jefferson County, Alabama, Case Number CV94-6141 (State of Alabama class); *Vakakes Enterprises d/b/a P.T.'s Sports Grill v. City of Birmingham*, Circuit Court of Jefferson County, Alabama; *Dwyer v. J.I. Kislak Mortgage Corp.* Superior Ct. King County Washington, Case No. 97-2-10584-6 (national class certification and settlement); *George T. Ballance v. Hibernia National Bank and Progressive Casualty Insurance Company,* United States District Court for the Southern District of Mississippi, Southern Division, Case No. 1:96CV13GR (national class - $10 million settlement); *Gary Archer v. Wal-Mart*, Circuit Court of Shelby County, Alabama; *James Warren Wilson and Thelma Wilson v. Commercial Federal Mortgage Corporation*, United States District Court for the Northern District of Alabama, Southern Division, Case No. CV 98-J-0184-S (national class certification); *J.M. Maples, et al v. Jack Williams, et al*, Circuit Court of Jefferson County, Alabama, Case No. 97-058; *Brasher v. Norfolk Southern* (class settlement, co-lead class counsel), United States District Court for the Northern District of Alabama, Eastern Division, CV-06-BE-0198-ES; *Sanders v. Norfolk Southern* (putative class action), Court of Common Pleas of Aiken Co., South Carolina, No. 05-CP-02-68; *MNP Holdings, LLC, v. Smallwood*, Circuit Court of Jefferson Co., Alabama, Case No. 2007-900669 (class settlement, co-lead class counsel).