IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EMILY PINON, GARY C. KLEIN, KIM BROWN, JOSHUA FRANKUM, DINEZ WEBSTER, and TODD BRYAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DAIMLER AG and MERCEDES BENZ USA, LLC,<br><br>Defendants. | CIVIL ACTION FILE<br><br>NO. 1:18-CV-3984-MHC |

**ORDER FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT**

This litigation arises out of a class action brought by Plaintiffs Emily Pinon, Gary C. Klein, Kim Brown, Joshua Frankum, Dinez Webster, and Todd Brayn, (collectively, "Plaintiffs") alleging that Daimler AG ("Daimler") and Mercedes Benz USA, LLC ("Mercedes") (collectively, "Defendants") sold vehicles originally painted in 590 Mars Red paint, which suffered a latent defect causing the

exterior surface of the vehicles (the "Subject Vehicles"[1]) to microblister, peel, and bubble. Plaintiffs and Defendants (hereinafter referred to as the "Settling Parties") have negotiated a settlement to resolve all claims. The terms of the settlement are set out in a Class Action Settlement Agreement and Release [Doc. 70-1] executed by the Settling Parties and their counsel (the "Settlement Agreement"). This matter is before the Court for consideration of Plaintiffs' Unopposed Motion for Preliminary Approval of Proposed Class Action Settlement Agreement ("Mot. for Prelim. Approval") [Doc. 70].

The Court has considered the proposed Settlement Agreement and, for purposes of this Order, adopts all defined terms as set forth in the Settlement Agreement. The Court finds that it has jurisdiction over the action and each of the Settling Parties for purposes of settlement and asserted jurisdiction over the Class Representatives for purposes of considering and effectuating this Settlement

---

[1] 590 Mars Red paint was offered as an exterior color option for the following types of Mercedes-Benz vehicle types in the United States: C Class (model years 2004-2015), CLS (model years 2006-2007, 2009, 2014), CLK (model years 2004-2009), S Class (model years 2008, 2015, 2017), SL Class (model years 2004-2009, 2011-2017), GLK Class (model years 2010-2015), CL (model years 2005-2006, 2013-2014), SLS (model years 2014-2015), E Class (model years 2005-2006, 2010-2017), GT (model years 2016-2018), G Class (model years 2005, 2011-2017), SLC (model year 2017), SLK Class (model years 2005-2016), and Maybach 57 (model year 2008).

Agreement. Based upon this Court's consideration of all of the submissions related to the Motion for Preliminary Approval and, having presided over and managed this action, of the facts, contentions, claims and defenses as they have developed in these proceedings, the Court has determined the proposed Settlement Agreement satisfies the criteria for preliminary approval, the proposed settlement class should be preliminarily certified, and the proposed notice plan approved. Consequently, it is hereby **ORDERED** as follows:

### Provisional Certification of the Proposed Settlement Class and Appointment of Class Representatives and Class Counsel

1. For purposes of this Settlement Agreement only and conditioned upon the Settlement Agreement receiving final approval following a Fairness Hearing, the Court provisionally certifies a nationwide "Class" or "Settlement Class" including all current owners, former owners, current lessees, and former lessees of Subject Vehicles who purchased or leased their Subject Vehicle in the United States. The following entities and individuals are excluded from the Settlement Class:

    a. Persons who have settled with, released, or otherwise had claims adjudicated on the merits against Defendants that are substantially similar to the Litigation Claims (i.e., alleging that 590 Mars Red paint is inadequate, of poor or insufficient quality or design, or defective,

        due to peeling, flaking, bubbling, fading, discoloration, or poor adhesion of the paint or clearcoat);

    b.    Defendants and their officers, directors and employees, as well as their corporate affiliates and the corporate affiliates' officers, directors and employees;

    c.    Counsel to any of the parties; and

    d.    The Honorable Mark H. Cohen, the Honorable James Holderman (Ret.), and members of their respective immediate families.

2.    The Court finds that it will likely be able to approve, under Rule 23(e)(2), the proposed nationwide Settlement Class as defined above, consisting of current and former owners and lessees of over 72,500 Subject Vehicles.

3.    The Court furthermore finds that for settlement purposes the proposed Settlement Class meets the numerosity requirement of Rule 23(a)(1); meets the commonality and predominance requirements of Rule 23(a)(2) and (b)(3); finds that the claims of the proposed Settlement Class Representatives are typical of the claims of the Class under Rule 23(a)(3), and that they have and will fairly and adequately represent the interests of the Class under Rule 23(a)(4); finds that a class action is superior to other available methods for the fair and efficient adjudication of the controversy as

it relates to the proposed Settlement under Rule 23(b)(3), considering the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members, the desirability or undesirability of continuing the litigation of these claims in this forum or elsewhere, and the difficulties likely to be encountered in the management of the class action as it relates to the Settlement Agreement.

4. The Court preliminarily finds that the proposed Settlement Class Representatives will fairly and adequately represent the interests of the Class under Rule 23(a)(4), have done so, and are adequate under Rule 23(e)(2)(a) and, therefore, designates as Settlement Class Representatives Plaintiffs Emily Pinon, Gary C. Klein, Kim Brown, Joshua Frankum, Dinez Webster and Todd Bryan.

5. The Court preliminarily finds that proposed Class Counsel, will fairly and adequately represent the interests of the Class under Rule 23(a)(4), have done so, and are adequate under Rule 23(g)(1) and (4), and, therefore, hereby appoints W. Lewis Garrison, Jr., James F. McDonough, III, Taylor C. Bartlett, and Travis Lynch of Heninger Garrison Davis LLC and K. Stephen Jackson of Jackson & Tucker, PC as class counsel under Rule 23(g)(3) ("Class Counsel").

### **Preliminary Approval of the Proposed Settlement**

6. The proposed Settlement Agreement appears to be the product of intensive, thorough, serious, informed, and non-collusive mediation overseen by the Honorable James F. Holderman (Ret.) of JAMS; has no obvious deficiencies; does not improperly grant preferential treatment to the Class Representatives or segments of the Class; and appears to be fair, reasonable, and adequate, such that notice of the Settlement Agreement should be directed to the Class Members, and a Final Approval Hearing should be set.

7. Accordingly, the Motion for Preliminary Approval is **GRANTED**.

### **Administration**

8. The Court hereby preliminarily designates JND Class Action Administration ("JND") as the Settlement Administrator. The Settlement Administrator's fees will be paid in accordance with the Settlement Agreement.

### **Notice to Class Members**

9. The Court finds that the content, format, and method of disseminating the Notice Plan, as set forth in the Motion, the Declaration of the Settlement Administrator (Declaration of Jennifer M. Keough Regarding Proposed Notice Plan) [Doc. 70-7], and the Settlement Agreement, including postcard notice disseminated through direct U.S. Mail to all known Class Members

and establishment of a website: (a) constitutes the best notice practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to apprise settlement class members of the pendency of the action, the terms of the proposed Settlement Agreement, and their rights under the proposed Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfies all requirements provided Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements.  The Court further finds that the notices are written in plain language, use simple terminology, and are designated to be readily understandable by the Settlement Class.  The Court approves such notice, and hereby directs that such notice be disseminated in the manner set forth in the proposed Settlement Agreement to Class Members under Rule 23(e)(1).  This Court also approves the Postcard Notice, the Long Form Notice, the Reimbursement Claim Form, and the Qualified Future Repair Claim Form in substantially the form as attached as Exhibits B to E to the Declaration of Jennifer M. Keough Regarding Proposed Notice Plan.

**Schedule and Procedures for Disseminating Notice, Filing Claims, Requesting Exclusion from the Class, Filing Objections to the Class Action Settlement, and Filing the Motion for Final Approval**

| Date | Event |
|---|---|
| 35 days after Court enters the Preliminary Approval Order | Notice mailed to Class Members ("Notice Date") |
| 35 days after Court enters the Preliminary Approval Order | Settlement website available to Class Members |
| 30 days after Court enters the Preliminary Approval Order | Deadline to file Motion for Attorneys' Fees, Costs, and Class Incentive Awards |
| 60 days after Notice Date | Deadline to Submit a Claim or Object to or Opt Out of Settlement |
| 30 calendar days before the Final Approval Hearing | Last day to file Motion for Final Approval of Settlement |

10. The Court adopts the above schedule, finding that it is similar to those used in other class action settlements and provides due process to Class Members.

11. The Settlement Administrator is directed to carry out the notice program in conformance with the Settlement Agreement and to perform all other tasks that the Settlement Agreement requires.

8

12. The Court will rule upon Class Counsel's motion for an award of attorneys' fees, litigation costs and expenses and Class Representative incentive awards at the Fairness Hearing. As set forth in the Settlement Agreement, all such awards shall be paid in addition to and independent of the benefits to Settlement Class Members.

13. Any Settlement Class Member who has not filed a timely and proper written Request to Opt-Out and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement must file with the Court a statement of objection no later than sixty (60) days after the Notice Date. Each such statement of objection must be in writing and include (a) the Settlement Class Member's full name, current address, and telephone number; (b) the Subject Vehicle Identification Number ("VIN") associated with the vehicle giving rise to standing to make an objection, and the dates of ownership or leasing of said vehicle; (c) a statement that the objector has reviewed the Settlement Class definition, understands that he or she is a Settlement Class Member, and has not opted out and does not plan to opt out of the Settlement Class; (d) a complete statement of all legal and factual bases for any Objection that the objector wishes to assert; (e) a statement of whether the Settlement Class Member intends to appear at the final approval

hearing; (f) copies of any documents or identification of any witnesses that support the objection; and (g) a dated, handwritten signature. A Settlement Class Member who does not submit a timely and proper objection in accordance with this Settlement and Class Notice, and as otherwise ordered by the Court, will not be treated as having filed a valid objection to the Settlement. The Class Notice will inform the Settlement Class of this requirement. Settlement Class members may so object either on their own or through an attorney hired at their own expense. If a Settlement Class Member hires an attorney to represent him or her, the attorney must file a notice of appearance with the Clerk of the Court no later than fourteen (14) days before the Fairness Hearing.

14. Any Settlement Class member who timely files a proper written objection may appear at the Fairness Hearing in support of the objection, provided the Settlement Class Member or his/her attorney files a notice of intention to appear at the hearing no later than fourteen (14) days before the Fairness Hearing. A Settlement Class Member who appears at the Fairness Hearing will be permitted to argue only those matters that were set forth in a written objection filed by such Class Member. No Settlement Class member will be permitted to raise matters at the Fairness Hearing that the Settlement Class

member could have raised in such a written objection, but failed to do so, and all objections to the Settlement Agreement that are not set forth in such written objection are deemed waived. Any Settlement Class Member who fails to comply with the applicable provisions of the Settlement Agreement and the Class Notice and as otherwise ordered by the Court will be barred from appearing at the Fairness Hearing. The Settling Parties may serve and file responses to written objections at least fourteen (14) days prior to the Fairness Hearing, or as otherwise directed by the Court.

15. Any Settlement Class Member who fails to comply with the provisions of the preceding paragraphs of this Section will waive and forfeit any and all rights he or she may have to appear separately and/or object to the Settlement, and will be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in this action. A Settlement Class Member's objection to the Settlement Agreement will not affect his or her rights to participate in the Settlement Agreement relief.

16. Any Settlement Class Member that wishes to be excluded from the Settlement Class must submit to the Settlement Administrator a written Request to Opt Out by U.S. Mail and postmarked no later than 60 days from the Notice Date. The Request to Opt Out must be in writing and contain

(a) the Person's name; (b) his or her current address and telephone number; (c) his or her Subject Vehicle Identification Number ("VIN") and the dates of ownership or lease for such SubjectVehicle; (d) a dated, handwritten signature; and (e) a written statement that such Person has reviewed the Class Notice and wishes to be excluded from the Settlement.

17. Anyone who does not complete and submit a valid Request to Opt Out in the manner and by the deadline specified above will automatically become a Settlement Class Member and be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments in this action.

## Final Approval Hearing

18. The Final Approval Hearing shall take place on August 30, 2021, at 9:30 a.m. in Courtroom 1905 at the United States District Court for the Northern District of Georgia, Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, S.W., Atlanta, GA 30303-3309, before the Honorable Mark H. Cohen, to determine whether the proposed Settlement Agreement is fair, reasonable, and adequate, whether it should be finally approved by the Court, and whether the Released Claims should be dismissed with prejudice under the Settlement Agreement.

## Other Provisions

19. Class Counsel and Defendants are authorized to take, without further Court approval, all necessary and appropriate steps to implement the Settlement Agreement, including the approved Notice Program.

20. The deadlines set forth in this Preliminary Approval Order, including, but not limited to, adjourning the Final Approval Hearing, may be extended by Order of the Court, for good cause shown, without further notice to the Class Members, except that notice of any such extensions shall be included on the Settlement Website. Class Members should check the Settlement Website regularly for updates and further details regarding extensions of these deadlines. Opt Outs and objections must meet the deadlines and follow the requirements set forth in the approved notice in order to be valid.

21. Class Counsel and Defendants' Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement Agreement that are not materially inconsistent with the Preliminary Approval Order or the Class Action Settlement, including making, without further approval of the Court, minor changes to the Settlement Agreement, to the form or content of the Class Notice, or to any other exhibits that the Settling Parties jointly agree are reasonable or

necessary.

### **Preliminary Injunction of Parallel Proceedings**

22. All Settlement Class Members are hereby preliminary enjoined from filing, commencing, pursuing, intervening in, participating in, maintaining, enforcing, or prosecuting individually, as class members or otherwise, directly or indirectly through a representative or otherwise, receiving any benefits from, or organizing or soliciting the participation in, directly or indirectly, any lawsuit (including putative class actions), arbitration, remediation, administrative or regulatory proceeding or order in any jurisdiction, asserting any claims based on or relating to the claims or causes of action or the facts alleged or pursued in this action, the action in <u>Ponzio, et al. v. Mercedes-Benz USA, LLC, et al.</u>, Case No. 1:18-CV-12544 (D.N.J.), or released by the Settlement Agreement and from organizing Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations) or seeking class certification in a pending action asserting any claims related to and released by the Settlement Agreement.

23. Pending the final determination of whether the Settlement Agreement should

be approved, all discovery, pre-trial proceedings and briefing schedules are stayed, except such actions as may be necessary to implement the Settlement Agreement and this Order. If the Settlement Agreement is terminated or final approval does not for any reason occur, the stay will be immediately terminated.

24. If the Settlement Agreement is not finally approved by the Court for any reason, including pursuant to Section 7.2 of the Settlement Agreement, the Settlement Agreement and all proceedings in connection with the Settlement Agreement will be without prejudice to the right of the Settlement Class Representatives or the Defendants to assert any right or position that could have been asserted if the Settlement Agreement or Motion for Preliminary Approval had never been reached or proposed to the Court. In such an event, the Settling Parties will return to the *status quo ante* in the action as of November 9, 2020, pursuant to Section 7.2 of the Settlement. Findings related to the certification of the Settlement Class for settlement purposes, or any briefing or material submitted seeking certification of the Settlement Class, will not be considered in connection with any subsequent class certification decision.

25. In no event shall this Order or the Settlement Agreement, whether or not

consummated, any of its provisions or any negotiations, statements, or court proceedings relating to them in any way be construed as, offered as, received as, used as, or deemed to be evidence of any kind in this action, any other action, or in any judicial, administrative, regulatory or other proceeding, except in a proceeding to enforce the Settlement Agreement. Without limiting the foregoing, neither the Settlement Agreement nor any related negotiations, statements or court proceedings shall be construed as, offered as, received as, used as, or deemed to be evidence or an adjudication, admission or concession of any liability or wrongdoing whatsoever on the part of any person or entity including, but not limited to, the Settling Parties or as a waiver by the Settling Parties of any applicable claims or defenses.

### Continuing Jurisdiction

26. For the benefit of the Settlement Class Members and as provided in the Settlement Agreement, the Court shall maintain continuing jurisdiction over the implementation, interpretation, and enforcement of the Settlement Agreement.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that the Unopposed Motion for Preliminary Approval of Proposed Class Action Settlement Agreement [Doc. 70] is **GRANTED**. It is further **ORDERED** that the Settling Parties shall issue notice to the Class and establish the Settlement Website pursuant to the above directions within sixty (60) days of the date of this Order and to file any motions for attorneys' fees, costs, or class representative incentive awards within thirty (30) days of the date of this Order.

**IT IS SO ORDERED** this 29th day of March, 2021.

_____
MARK H. COHEN
United States District Judge